**TIPTON, Plaintiff, v. DIFFENDAL et, Defendants.**

Common Pleas Court, Fayette County.

No. 22128. Decided August 2, 1956.

David H. Bailie, Dayton, for plaintiff.
Pickrel, Schaeffer & Ebeling, Dayton, for defendant, Fleet Maintenance Company.

## OPINION

By CASE, J.

On May 23, 1956, plaintiff filed his petition herein which states in part as follows:

"Plaintiff further says that he is attaching interrogatories to his petition and prays Defendant Fleet Maintenance Company be required to answer interrogatories under oath."

The files and records show that no interrogatories were filed by plaintiff until June 13, 1956.

On July 5, 1956, defendant, Fleet Maintenance Company, filed its answer to plaintiff's petition and simultaneously therewith filed its demurrer to the interrogatories so filed by plaintiff on June 13, 1956.

Said defendant's demurrer reads as follows:

"Comes now defendant, Fleet Maintenance Company, and demurs to plaintiff's interrogatories."

Defendant's memorandum in support of said demurrer reads as follows:

"Plaintiff requires this defendant to answer interrogatories attached to its petition, but there are no interrogatories attached to the copy of the petition served upon this defendant and we understand there are no interrogatories attached to plaintiff's original petition.

"Under the circumstances, the demurrer should be sustained."

Obviously, said defendant's demurrer raises a question of law as to whether the interrogatories, filed separately by plaintiff on June 13, 1956, were annexed to plaintiff's petition, which was previously filed on May 23, 1956, within the meaning and intent of §§2309.43 and 2309.44 R. C.

The provisions of §2309.43 R. C. read:

"A party may annex to his pleading, other than a demurrer, interrogatories pertinent to the issue made in the pleadings, which interrogatories, if not demurred to, shall be plainly and fully answered under oath by the party to whom they are propounded, or if such party is a corporation, by the president, secretary, or other officer thereof, as the party propounding requires." (Emphasis by the court.)

And the provisions of §2309.44 R. C. read:

"When annexed to a petition, the interrogatories provided for by §2309.43 R. C., shall be answered within the time limited for answer to the petition; when annexed to the answer, within the time limited for a reply; and when annexed to the reply, within the time allowed for an answer. Further time may be allowed in all cases by the court, or a judge thereof in vacation." (Emphasis by the court.)

Since said statutes are related to the same subject matter, they should be construed in pari materia (Warner v. Ohio Edison Co., 152 Oh St 303).

In ascertaining the manifest intention of the legislature, as indicated by the clear, plain, obvious, and natural import of the language used in said statutes, it is necessary to first consider and determine the ordinary and usual definition and use of the words "annex to" and "annexed to" as expressly stated and set forth in the provisions above quoted.

In Commissioners v. Mannix, 9 Ohio Dec. Reprint 189, at page 191, the court stated in part as follows:

"* * * The word 'attached,' as used here, is equivalent to the word 'annexed,' which has received legal construction, meaning simply, physically joined to. * * *"

In Elliott v. County Board of School Trustees, 76 Southwestern Reporter 2nd 786, at page 789, the court stated in part as follows:

"* * * The words 'annex' and 'attach' are synonyms. As ordinarily understood 'annex' means to make an integral part of something larger. While 'annex' implies physical connection or physically joined to, yet the word may not necessarily be confined to a narrow and strict sense. Physical connection may be dispensed with, and things may be annexed without being in actual contact, when reasonably practicable. * * *"

It therefore appears that, in order to annex or attach interrogatories to a pleading within the meaning and intent of said statutory provisions, a pleader would not be required to have the same physically joined to such pleading, but that it would be sufficient and reasonably practicable to merely file such interrogatories simultaneously with the pleadings described and referred to in the provisions of said statutes.

This court having determined that these statutes should be construed in pari materia, it next becomes necessary to determine whether the exercise of the right to file interrogatories was intended to be connected in time with the filing of such pleadings as designated and described in said statutory provisions.

The phrase "when annexed to," which repeatedly appears in §2309.44 R. C., expressly and specifically limits and fixes the time within which pertinent and properly filed interrogatories shall be answered. The time limits so fixed are specific and identical with the respective time limits fixed by statute for filing an answer or reply to the pleading to which such interrogatories are authorized to be annexed. Therefore, a reasonable, sensible, and fair construction of the legislative intent, with respect to the time at which such interrogatories should be filed in order to enjoy and exercise such right to propound and thereby compel answers from the party to whom they are propounded, compels this court to conclude that where, as in the instant case, twenty days elapsed between the filing of plaintiff's petition and the filing of certain interrogatories, which plaintiff purported to attach to and make a part of his petition, said interrogatories were not annexed to plaintiff's petition within the meaning and intent of §§2309.43 and 2309.44 R. C.

Upon the authorities above cited and referred to and for the reasons herein above set forth, this court finds that said demurrer herein filed on behalf of defendant Fleet Maintenance Company is well made and should be sustained.

Counsel for said defendant should prepare an entry accordingly with appropriate exceptions therein noted on behalf of plaintiff, and submit same to counsel for plaintiff and to this court for approval by, on, or before August 16, 1956.